■ DENISE WICKWAR, Respondent-Appellant, v RICHARD WICKWAR, Appellant-Respondent.—In an action for divorce and ancillary relief, the defendant appeals, as limited by his brief, and the plaintiff cross-appeals from stated portions of a judgment of the Supreme Court, Nassau County (Levitt, J.), entered December 4, 1987, which, inter alia, awarded the plaintiff the sum of $125 per week as maintenance for a period of three years, directed the defendant to pay all of the carrying charges on the marital residence for a period of five years and thereafter one half of the carrying charges, directed the defendant to pay as and for the plaintiff's counsel fees the sum of $7,500, failed to make a provision for the payment of the parties' marital debts, and failed to equitably distribute the defendant's employment savings, stock and pension plans acquired during the marriage.

Ordered that the judgment is modified by (1) deleting from the fourth decretal paragraph, "$125.00" and substituting therefor "$50.00"; (2) deleting the tenth decretal paragraph and substituting therefor a provision that the defendant shall pay to Herbert Rubenfeld, Esq., as and for the defendant's share of counsel fees provided to the plaintiff, by check or money order, forwarded to him at his office located at 380 Broadway, Jericho, New York 11753, the sum of $2,500 payable within 90 days after service upon the defendant of a copy of this decision and order, with notice of entry; as so modified the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment.

We find that in light of the defendant's salary and expenses, as well as the fact that he has been directed to pay the mortgage, taxes, utilities and necessary repairs with regard to the marital residence for five years from the date of the judgment and one half of those payments thereafter, the award of maintenance should be reduced from $125 per week to $50 per week and that portion of the plaintiff's attorney's

fees to be paid by the defendant should be reduced from $7,500 to $2,500.

However, while the parties stipulated to the value of the marital portion of the defendant's employment savings and stock plans, and the "raw data" with respect to the defendant's employment pension plan, the trial court failed to make any determination as to the plaintiff's entitlement to a distributive share of these conceded items of marital property. Further, the trial court made no provision for the payment of the parties' marital debts. Accordingly, upon remittitur, the trial court should determine the precise nature and present value of the defendant's pension, of which we find the plaintiff is entitled to a 50% distributive share, and the most appropriate method to enforce the plaintiff's right to her interest in the defendant's pension (see, Damiano v Damiano, 94 AD2d 132, 136-140). In addition, we find that the plaintiff is entitled to a 50% distributive share of the defendant's employment savings and stock plans, after provision is made for the payment of the parties' marital debts.

The parties' other contentions are either without merit or need not be addressed in light of our determination. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.